IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS<br>516 Alto Street<br>Santa Fe, New Mexico 87501<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street NW<br>Washington, D.C. 20240<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:17-cv-2510 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.  Defendant United States Bureau of Land Management ("BLM") has wrongfully withheld records responsive to a request made by Plaintiff WildEarth Guardians ("Guardians") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

2.  Guardians requested records relating to an order issued by the Secretary of the Interior, called Secretarial Order 3354. In this order, the Secretary seeks to increase exploration and development of federal oil, gas, and coal via the actions of the BLM. The effects of Secretarial Order 3354 stand to be detrimental to the health of the public and the environment. Secretarial Order 3354 seeks to promote federal oil, gas, and coal leasing at the expense of necessary precautions and considerations. Secretarial Order

3354 stands to undermine protection of the climate, human and environmental health, fish and wildlife, public lands, and clean energy development.

3. Contrary to FOIA, the BLM failed to make a determination on Guardians' FOIA request within the time limits required by the statute and failed to produce any of the records sought. Guardians requests an order declaring that the BLM has violated FOIA, directing the BLM to make a determination on Guardians' FOIA request, and compelling the BLM to immediately provide Guardians with the records it has requested by a date certain.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

5. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

6. This Court has authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

7. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B). Venue is also appropriate under 28 U.S.C. § 1391 because defendant is an agency of the United States with its primary office in Washington, D.C., and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**PARTIES**

8.   Plaintiff WildEarth Guardians ("Guardians") is a non-profit conservation organization dedicated to protecting and restoring the wildlife, wild places, wild rivers, and health of the American West. Guardians has offices in Colorado, Montana, New Mexico, Arizona, Washington, and Oregon. With more than 183,000 members and supporters, Guardians works to sustain a transition from fossil fuels to clean energy in order to safeguard the West. The records sought in this action are requested in support of these efforts.

9.   Guardians works in furtherance of its goals in part by acquiring information regarding federal programs and activities through FOIA. Guardians then compiles and analyzes that information and, subsequently, disseminates that information to its membership, the general public, and public officials through various sources including publications, reports, its website and newsletter, general news media coverage, and public presentations. Guardians' successful efforts at educating the public on issues concerning federal government programs and activities that affect the environment contribute significantly to the public's understanding of governmental operations and activities. Guardians also uses the information that it acquires through FOIA to participate in federal decision-making processes, to file administrative appeals and civil actions, and generally to ensure that federal agencies comply with federal environmental laws.

10.   Guardians, its staff, or one or more of its members are directly injured by the BLM's failure to comply with the statutory requirements of FOIA and a favorable outcome of this litigation will redress that injury. Guardians brings this action on behalf of itself, its staff, and its members.

11.     Defendant United States Bureau of Land Management ("BLM") is an agency as defined by 5 U.S.C. § 552(f)(1). FOIA charges the BLM with the duty to provide public access to records in its possession. The BLM has possession of the records sought by Guardians. The BLM is denying Guardians access to their records in contravention of federal law.

## FACTUAL AND LEGAL BACKGROUND

12.     FOIA requires federal agencies to "determine within 20 days . . . after the receipt of any [FOIA] request whether to comply with such request and . . . immediately notify the person making such request of . . . such determination and the reasons therefor[.]" 5 U.S.C. § 552(a)(6)(A)(i)(I).

13.     On August 22, 2017, Guardians submitted thirteen individual FOIA requests to the BLM offices for (1) Alaska; (2) Arizona; (3) California; (4) Colorado; (5) the Eastern States; (6) Idaho; (7) Montana and the Dakotas; (8) New Mexico; (9) Nevada; (10) Oregon and Washington; (11) Utah; (12) Washington, D.C. (the agency's headquarters); and (13) Wyoming. Guardians' FOIA requests were for (1) any and all records concerning or relating to Secretarial Order 3354, "Supporting and Improving the Federal Onshore Oil and Gas Leasing Program and Federal Solid Mineral Leasing Program," published on July 6, 2017, under Secretary of the Interior, Ryan Zinke; and (2) any and all reports prepared pursuant to the requirements of Section 4(a) of Secretarial Order 3354.

14.     On August 30, 2017, Guardians received confirmation from the Washington, D.C., Office of the BLM (hereafter "Washington Office") that it received Guardians'

FOIA request and that its request was being processed. The Washington Office assigned the number "2017-01005" to the request.

15. The BLM Washington Office stated it would be placing the request submitted to that office under the "Exceptional" processing track, 43 C.F.R. § 2.15. The BLM Washington Office did not describe any "unusual circumstances" meriting an extension of the deadline for making a determination on Guardians' request, pursuant to 43 C.F.R. § 2.19. The Washington Office did not request that Guardians limit the scope of its FOIA request or agree to an alternative time period for processing the request. The Washington Office did not provide a date certain upon which it expected the request to be processed.

16. On September 1, 2017, Guardians sent an email to the BLM Washington Office FOIA Officer to inquire whether the individual requests Guardians submitted to the twelve other BLM offices would be consolidated into a single request with a single response from the Washington Office. On September 13, 2017, the FOIA Officer confirmed that all thirteen of Guardians' individual requests to BLM offices would be consolidated and that a single response would come from the Washington Office under the tracking number "2017-01005."

17. Having received no further communications from the Washington Office related to its FOIA requests, on October 4, 2017, Guardians sent an email to the BLM FOIA Officer inquiring about the status of its requests.

18. On October 10, 2017, the Washington Office FOIA Officer responded via email stating that the agency was "gathering and reviewing the documents[,]" and that the BLM was processing the request. The email did not provide a date certain for making a

determination on Guardians' request or for disclosing records responsive to Guardians' request.

19. Having received no further communications from BLM related to its requests, on November 17, 2017, Guardians sent a second email to the Washington Office FOIA Officer inquiring about the status of its requests.

20. As of this date, the BLM Washington Office has not responded to Guardians' November 17, 2017, inquiry.

21. To date, the BLM has not made a determination on Guardians' FOIA requests or disclosed records responsive to its requests.

22. More than sixty-three days have passed since Guardians submitted its August 22, 2017, FOIA requests to thirteen BLM offices.

23. Guardians has fully exhausted its administrative remedies for its August 22, 2017, FOIA requests to the BLM. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits of FOIA, as provided in 5 U.S.C. § 552(a)(6)(C)(i). Guardians now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

## CLAIM FOR RELIEF

### Violation of FOIA – Failure to Make a Determination on Guardians' FOIA Requests Within the Statutory Time Frame

24. Guardians incorporates all the allegations in this complaint by this reference.

25. The BLM's failure to make a determination on Guardians' August 22, 2017, FOIA requests (number 2017-01005) within the time frame required by FOIA is a constructive denial and wrongful withholding of the records Guardians requested in violation of FOIA, 5 U.S.C. § 552.

26. Guardians is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA, for the BLM's violation of FOIA. 5 U.S.C. § 552(a)(4)(E).

**REQUEST FOR RELIEF**

WHEREFORE, Guardians respectfully requests that this Court:

A. Declare that the BLM has violated FOIA by wrongfully withholding the records Guardians requested;

B. Order the BLM to make a determination on Guardians' FOIA requests and to provide Guardians with all wrongfully withheld records;

C. Maintain jurisdiction over this action until the BLM complies with FOIA and every order of this Court;

D. Award Guardians its costs and reasonable attorney fees incurred in prosecuting this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant such other and additional relief as the Court deems just and proper.

Respectfully submitted on the 20th day of November, 2017.

/s/ Kelly E. Nokes
Kelly E. Nokes (Bar No. MT0001)
WildEarth Guardians
P.O. Box 7516
Missoula, MT 59807
(406) 209-9545
knokes@wildearthguardians.org

/s/ Neil S. Kagan
Neil S. Kagan (Bar No. MI0078)
WildEarth Guardians
80 S.E. Madison Street, Ste. 210
Portland, OR 97214
(503) 828-7098
nkagan@wildearthguardians.org